UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JASON C. OAKS,
   Plaintiff,

vs.                                                  No. 07-1333

EARL HELMS, et al,
   Defendants

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Tazewell County Justice Center. The plaintiff has named six defendants including Jail Superintendent Earl Helms, Sheriff Robert Huston, Nurse Renee Alexander, Dr. Stephen Cullinan, Officer Strunk and the Tazewell County Justice Center.

The plaintiff says he has been denied proper dental and medical care at the jail. The plaintiff says he has had dental problems since an assault three years ago and still has a bone fragment protruding through his gum line. (Comp, p. 6). The plaintiff says the jail staff was aware of the problem when he first entered, but has refused him treatment. The plaintiff says he did see a doctor who admitted he needed surgery, but nothing was done. Instead, the plaintiff says he has been threatened with disciplinary action if he continued to file more requests for dental care.

The plaintiff also says he has been denied medications for his serious medical conditions and has been given the incorrect medication on several occasions.

The plaintiff has adequately alleged a violation of his constitutional rights. The court notes that the Eighth Amendment protects prisoners from deliberate indifference to a serious injury or medical need and the Due Process Clause of the Fourteenth Amendment extends that right to pre-trial detainees. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003). It is unclear at this point whether the plaintiff was a pretrial detainee at the time of the allegations or whether he was serving a jail sentence. The parties will need to clarify this point during the proceedings. The parties will also need to clarify what each defendant is accused of doing or failing to do.

The plaintiff does not state whether he intends to sue the defendants in their individual or official capacities. An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability under §1983 can be imposed on governmental entities only if the underlying constitutional deprivation resulted from the execution of an official custom, policy or practice. *Monell v. Department of Social Services*, 436 U.S.658, 694 (1978). The plaintiff alleges that jail staff stated that no inmate would be allowed dental care. The plaintiff also alleges that jail staff routinely handed out incorrect medication. Therefore, the court will find that the pro se plaintiff has adequately alleged claims against the individual defendants in both their official and

1

individual capacities. However, the plaintiff may not sue the Tazewell County Detention Facility because a jail is not a legal entity and thus not a proper §1983 defendant.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Helms, Huston, Alexander, Cullinan and Strunk violated the plaintiff's Fourteenth Amendment rights when they denied him medical and dental care. The plaintiff alleges that he was denied dental care and surgery for his dental condition and denied medication or given incorrect medication for his medical condition.

2) The clerk of the court is directed to dismiss Defendant Tazewell County Justice Center for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915A   In addition, all other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

      Entered this _____ Day of January, 2008.

      **s\Harold A. Baker**

_____
      HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE